

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Milton Greer Mell
District Attorney
Tyler, Texas

Dear Sir:

Opinion No. O-3740
Re: Effective date, operation
and construction of recent
amendment to Article 802,
Penal Code, driving motor
vehicle while intoxicated.

  This is to acknowledge receipt of your recent letter
in which you propound the following five questions:

   "1. When did House Bill No. 73, Acts of
the 47th Legislature, Regular Session, popular-
ly known as 'the new drunk driving law,' be-
come effective?

   "2. Does House Bill No. 73 repeal Article
802, Penal Code of Texas, commonly known as 'the
old drunk driving law'?

   "3. May a person indicted for driving and
operating a motor vehicle upon a public highway
while intoxicated, prior to the effective date
of the new drunk driving law, be prosecuted in
the district court for such offense after the
effective date of the new law?

   "4. If such cases can not be tried in the
district court, can they legally be transferred
to the county court for trial?

   "5. Can a person be prosecuted in the dis-
trict court for the offense of driving and op-
erating a motor vehicle upon a public highway
while intoxicated committed before the effective
date of the new drunk driving law, upon an indict-
ment returned by the Grand Jury after the effec-
tive date of such new law?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

You also say that in the above questions you refer only to cases in which the person indicted has not previously been convicted for the offense of driving and operating a motor vehicle upon a public highway while intoxicated; therefore we will limit our discussion to the first section of House Bill No. 73, which purports to amend Article 802 of the Penal Code, and at this time will disregard the other sections of the Act.

Prior to the passage of House Bill No. 73, Article 802, as amended, provided that:

"Art. 802. Drive intoxicated or under
influence of intoxicating
liquor

"Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of any incorporated city, town, or village, or upon any public road or highway in this State while such person is intoxicated, or in any degree under the influence of intoxicating liquor, shall upon conviction be confined in the penitentiary for not more than two (2) years, or be confined in the county jail for not less than five (5) days nor more than ninety (90) days and fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500). (As amended Acts 1937, 45th Leg., p. 108, ch. 60, § 1.)"

Section 11 of House Bill No. 73, as recently enacted by the Forty-seventh Legislature, reads as follows:

"Section 1. Article 802 of the Penal Code of the State of Texas, as amended by Acts of the Legislature, Second Called Session in 1923, and as amended by Acts of 1935, Forty-fourth Legislature, First Called Session, Chapter 424, page 1654, and as amended by Acts of 1937, Forty-fifth Legislature, Chapter 60, page 108, shall be and is amended so that hereafter same shall read as follows:

"'Article 802. Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this

State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor, and upon conviction, shall be punished by confinement in the County Jail for not less than ten (10) days nor more than two (2) years, or by a fine of not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500), or by both such fine and imprisonment.

Although after original passage by the Legislature, House Bill No. 73 was vetoed by the Governor, same was passed over his veto, receiving the necessary two-thirds vote in each House, the last being the Senate, which passed and filed it in the Office of the Secretary of State on June 17, 1941. Therefore your first question is answered that House Bill No. 73 of the Forty-seventh Legislature became effective on said date, i. e., June 17, 1941.

The new law did not operate as a repeal of Article 802, Penal Code. By express language it amends the statute to reduce the penalty. While there is slight change in the verbiage in the amendatory Act, the definition of the offense is in nowise altered, except by changing the penalty so as to make the offense a misdemeanor rather than a felony. See the cases of Jones v. State, 132 Tex. Cr. R. 445, 104 S. W. (2d) 871; Maedgin v. State, 132 Tex. Cr. R. 397, 104 S. W. (2d) 518. Therefore your second question is answered in the negative.

Article 13 of the Penal Code is pertinent to the questions you submit. We quote:

"Art. 13 15  Effect of modification by subsequent law

"When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be

punished under the second unless he elect
to reeeive the penalty prescribed by the law
in force when the offense was committed."
(Emphasis ours.)

Should we be mistaken in our conclusion that the
effect of House Bill No. 73 is amendatory only and therefore
inoperative as a repealing Act, the same provisions of Ar-
ticle 13, Penal Code, emphasized above, would be pertinent
because of Article 15, Penal Code, reading as follows:

"Art. 15. 17  When new penalty is sub-
stituted

"When by the provisions of a repealing
statute a new penalty is substituted for an
offense punishable under the law repealed,
such repealing statute shall not exempt from
punishment a person who has offended against
the repealing law while it was in force, but
in such case the rule prescribed in article
13 shall govern."

As pointed out in your letter, the most recent enact-
ment changes the offense of driving a motor vehicle over a pub-
lic highway, etc., while intoxicated, from a felony to a mis-
demeanor.  Under the former law, the offense being a felony,
exclusive original jurisdiction for trial is vested in the dis-
trict courts.  Article 5, Section 8, Constitution of Texas; Ar-
ticle 54, Code of Criminal Procedure.  In misdemeanor cases,
such as include violations of Article 802, as recently amended
by House Bill No. 73, the exclusive original jurisdiction for
trial lies in the county court.  Article 5, Section 16, Consti-
tution of Texas; Article 56, Code of Criminal Procedure.

We have made extensive research in an effort to ascer-
tain whether precedents afford an answer to your questions rela-
tive to the jurisdiction of the district courts.  We have found
many comparatively recent cases outlining the procedure to be
followed when the punishment for an offense is increased or
ameliorated, but wherein the grade of offense remains either
felony or misdemeanor.  There are only two reported cases ana-
logous to the state of facts back of your inquiry which we have
been able to find; but both of these are renditions of the old
Texas Court of Appeals, delivered in the year 1880, and written
by one of Texas' most eminent and respected judges, Presiding

Judge White. From the case of Whitsett v. State, 9 Tex. App. 198, we quote the following:

"The indictment charged the theft of two certain hogs of the value of $10, alleging the theft to have been committed the eleventh day of June, 1876. Trial and conviction were had in the District Court on the 14th of March, 1880. Defendant moved to quash the indictment, pleaded to the jurisdiction of the District Court, and also moved to have the cause transferred for trial to the County Court. These motions were all overruled. We are of opinion that the indictment is good, and that the court did not err in overruling the motion to quash. The return and presentment by the grand jury into court, as shown by the minutes, and which was also a special ground of objection and exception to the indictment, were in substantial compliance with the law.

"Under the law in force when the crime is alleged to have been committed, the punishment for theft of hogs where the value of the property was under $20 was by imprisonment in the penitentiary for not less than one nor more than two years. Gen. Laws 1873, p. 80. By the Revised Statutes, which had become operative before and at the trial, the punishment for theft of hogs of less value than $20 was ameliorated and fixed at imprisonment in the county jail not exceeding one year, during which time the prisoner may be put to hard work, and by fine not exceeding $900, or by such imprisonment without fine. Rev. Penal Code, art. 748. This change in the punishment changed the grade of the crime from a felony to a misdemeanor. Penal Code, art. 54. The law having changed the crime from a felony to a misdemeanor, defendant was entitled, as a matter of right, to be tried under the law ameliorating the punishment, unless he had expressly elected to be tried under the provisions of the old law. Penal Code, art. 19.

"Being a misdemeanor, the County Court had jurisdiction of the cause (Const., Art. V., sect. 16), and the defendant's plea to the jurisdiction of the District Court should have been sustained,

607

and his motion granted to transfer the cause
to the County Court for trial. In certifying
the bill of exceptions reserved to the ruling,
the learned judge says, by way of explanation
of his action, that 'it is believed that sect.
19 of title 1, chap. 1, of Penal Code, when
construed with sects. 5 and 6 of final title
of Revised Civil Statutes, was not intended to
affect the question of jurisdiction.' Such is
not our understanding of the proper construc-
tion to be placed upon the sections of the
'final title' referred to. On the contrary,
if, above and beyond the Constitution and laws
establishing the jurisdiction of misdemeanor
cases in the County Court, we look to these
sections for a determination of the question,
we find it expressly provided that the rules
announced are made to apply in all cases,
'except that where the mode of procedure or
matters of practice have been changed by the
Revised Statutes, the procedure had, after
the Revised Statutes shall have taken effect,
in such prosecution or suit, shall be, as far
as practicable, in accordance with the Revised
Statutes.' Rev. Stats. 718, sect. 6. The
procedure with regard to trials of misdemeanors
under indictment has been changed by the Revised
Statutes, and exclusive original jurisdiction of
all misdemeanors, except in certain cases, is
conferred upon the County Court by express pro-
vision of our Code of Criminal Procedure. Rev.
Code Cr. Proc., art. 72.

2      "Because the District Court had no juris-
diction of the case, and erred in refusing to
transfer the same to the County Court on motion
of the defendant, the judgment is reversed and
the cause remanded."

The jurisdiction of the district court to try Altaras,
when by operation of law the penalty had been reduced from the
grade of felony to misdemeanor, was the only point raised or
discussed in that case.

In the case of Blunt v. State, 9 Tex. App. 234, other
matters were raised and discussed on appeal, but the following
language is pertinent:

"We are of opinion, however, that the third ground of the motion for new trial was well taken, wherein it is claimed that 'the evidence adduced is insufficient in law to support the judgment of conviction.' Under the act of May 17, 1873 (Gen. Laws 13th Leg., p. 80), which was the statute upon which the prosecution was instituted, the offence is made a felony, it is true, even where the value of the hog stolen was under $20. But under that statute it was essential both to allege and prove the value, in order properly to graduate the punishment. Under the law in force at the trial, the offence and the punishment for theft of hogs under the value of $20 had been still further ameliorated, and the grade of the offense had been reduced, in fact, from a felony to a misdemeanor, which rendered necessary also a change even in the forum of trial. The jurisdiction of the tribunal, as well as the grade of crime and punishment, became doubly dependent upon the question of value of the property stolen. It was part of the descriptive identity of the offence, and should have been proven. Hill v. The State, 41 Texas, 253; Warrington v. The State, 1 Texas Ct. App. 168; Rose v. The State, 1 Texas Ct. App. 400; Watson v. The State, 5 Texas Ct. App. 12."

Under the authority of the above cases, you are respectfully advised that your third question must be answered in the negative, unless the accused expressly elect to be tried under the provisions of the old law. In event of such remote eventuality, the trial would necessarily be in the district court, as that court has exclusive jurisdiction in felony cases.

In answer to your fourth question, it is our opinion that pending indictments may be legally transferred from the district court to the county court for trial. See the subdivision on "Transfer of Causes", 12 Tex. Jur. 422, Sec. 135, et seq; Article 419, Code of Criminal Procedure. A suggested form of order appears in 12 Tex. Jur. 433.

For the same reasons assigned in answering your third question, it is apparent in answer to your fifth one that a person may not legally be prosecuted in the district court for the

Honorable Milton Greer Mell, Page 8

offense of driving and operating a motor vehicle upon a public highway while intoxicated, if such offense was committed before the effective date of the new law, upon an indictment returned by the grand jury after the effective date of such new law, unless the defendant expressly elects to be tried under the provisions of the old law. Should a defendant make such unprecedented election, it is our opinion that an indictment would be proper and necessary; but in the absence of his election a complaint and information would suffice.

Of course, we do not mean to infer that an indictment would be an improper method of proceeding under the facts implied by your fifth question; in fact, such method may be preferable, with the district judge duly transferring the cause to the county court in event of no election on the part of accused to be punished under the old law. It is elementary that prosecutions in the county court may be either upon information supported by a proper complaint, or upon indictment duly presented in the district court and regularly transferred to the county court.

Trusting the above satisfactorily answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant

BW:RS

APPROVED JUL 14, 1941

*Glenn R. Lewis*

Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN